JAMES W. PUZEY, ESQ.
E-mail: jpuzey@nvlawfirm.com
Nevada Bar No. 5745
AUDREY DAMONTE, ESQ.
E-mail: adamonte@nvlawfirm.com
Nevada Bar No. 4244
KEARNEY PUZEY DAMONTE LTD.
800 S. Meadows Parkway
Reno, Nevada 89521
Telephone: 775/851-8700

RONALD J. THOMPSON, ESQ.
Nevada Bar No. 5524
E-mail rthompson@nvlawfirm.com
ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 7862
E-mail: apernsteiner@nvlawfirm.com
KEARNEY PUZEY DAMONTE LTD.
300 South Fourth Street, Suite 1010
Las Vegas, Nevada 89101
Telephone:702/760-0177

*Attorneys for Clark County School District, Matthew Spurk, Patricia Chandler, Ray Negrete, Rebecca Lucero, and Chris Greathouse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHUSHAN SADJADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; MARBELLA ALFONZO, an individual; MATTHEW SPURK, an individual; PATRICIA CHANDLER, an individual; RAY NEGRETE, an individual; REBECCA LUCERO, an individual; CHRIS GREATHOUSE, an individual, and DOES 1-X, inclusive;<br>Defendants. | CASE NO.: 2:24-cv-00079-JAD-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF CONFIDENTIALITY ORDER** |

      Defendants Clark County School District, Patricia Chandler, Ray Negrete, Rebecca Lucero, Chris Greathouse (the "CCSD Defendants"), by and through their undersigned counsel, KEARNEY PUZEY DAMONTE LTD.; Defendant Marbella Alfonzo ("Defendant Alfonzo"), by

- 1 -

and through her undersigned counsel, LITTLER MENDELSON, P.C.; and Plaintiff Shushan Sadjadi ("Plaintiff"), by and through her undersigned counsel, BRIAN K. BERMAN, CHTD. (collectively the "Parties"); hereby stipulate and agree to the entry of the proposed Confidentiality and Protective Order attached hereto as **Exhibit 1** in accordance with the Court's prior minute order [ECF No. 61] of April 18, 2025.

IT IS SO AGREED AND STIPULATED.

Dated: May 2, 2025

Respectfully submitted,

/s/ Brian K. Berman

BRIAN K. BERMAN, ESQ.
Attorneys for Plaintiff
SHUSHAN SADJADI

Dated: May 2, 2025

Respectfully submitted,

/s/ Andrew S. Clark

ETHAN D. THOMAS, ESQ.
ANDREW S. CLARK, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
MARBELLA ALFONZO

Respectfully submitted,

/s/ Adam J. Pernsteiner

JAMES W. PUZEY, ESQ.
AUDREY DAMONTE, ESQ.
RONALD J. THOMPSON, ESQ.
ADAM J. PERNSTEINER, ESQ.
KEARNEY PUZEY DAMONTE LTD.

Attorneys for Defendants
CLARK COUNTY SCHOOL DISTRICT,
MATTHEW SPURK, PATRICIA
CHANDLER, RAY NEGRETE, AND
CHRIS GREATHOUSE

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 5, 2025

# EXHIBIT 1

# PROPOSED CONFIDENTIALITY AND PROTECTIVE ORDER

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHUSHAN SADJADI, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; MARBELLA ALFONZO, an individual; MATTHEW SPURK, an individual; PATRICIA CHANDLER, an individual; RAY NEGRETE, an individual; REBECCA LUCERO, an individual; CHRIS GREATHOUSE, an individual, and DOES 1-X, inclusive;<br><br>  Defendants. | CASE NO.: 2:24-cv-00079-JAD-EJY<br><br>**CONFIDENTIALITY AND PROTECTIVE ORDER** |

    WHEREAS a confidentiality and protective order is needed in this case for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.

    WHEREAS the Parties in this matter may be required under the Federal Rules of Civil Procedure, or pursuant to written discovery requests, to produce documents and/or information that contain confidential financial information, sensitive health information, proprietary information, sensitive personal information, home addresses, social security numbers, dates of birth, medical information, home or personal phone numbers, tax records, or any other similar personal information not otherwise publicly available, any identifiable information regarding a

person who is, or was at the time, a minor other sensitive information that the Parties wish to remain confidential (collectively "Confidential Information").

WHEREFORE, based upon the above and the pleadings and papers before Court, and good cause appearing, the Court hereby orders as follows:

1. Any discovery response, information, document or thing produced, and/or deposition testimony given in connection with this litigation that contains sensitive information may be designated as Confidential Information. Provided, however, that a Party designating Confidential Information must first make a good faith determination that protection is warranted within the parameters of Fed. R. Civ. P. 26(c) and take care to limit any such designation to specific information that qualifies under appropriate standards and this Confidentiality Order. A Party designating Confidential Information must take care to designate for protection only those parts of any disclosure that qualify so that other portions of the disclosure for which protection is not warranted are not swept unjustifiably within the ambit of this Confidentiality Order. Mass, indiscriminate, or routinized designations are prohibited.

2. Confidential Information entitled to confidential treatment may include: (a) paper, tapes, documents (including, but not limited to, answers to document requests, interrogatories, requests for admission, disks, diskettes, emails and other electronic data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions, in whole or in part, and exhibits thereto; and (c) copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things. Confidential Information shall also include sensitive personal information that is not publicly available, such as home addresses, social security numbers, dates of birth, employment personnel files, medical information, home or personal telephone numbers, employee disciplinary records, wage statements or earning statements, employee benefits data, tax records, and other similar personal financial information. The handling of such information shall be made in accordance with the terms of this Confidentiality Order. The foregoing notwithstanding, this Stipulated Protective Order is intended to acknowledge, and not to alter or abridge, any party's obligations under the Federal Educational Rights and Privacy Act, 24 U.S.C. § 1232g & 34 C.F.R. § 99

("FERPA").  Material may be designated as Confidential Information by one of the following methods:

      a.     In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential.[1]

      b.     In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record, by any counselor for the deponent, at the time of such disclosure; or (ii) by written notice from any Party's counselor the deponent or his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential.  Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent.  Only those portions of the transcripts so designated as "Confidential" must be treated as Confidential.  The Parties may modify this procedure for any particular deposition, by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

    3.     Once designated as "Confidential," such information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, other litigation or governmental purpose or function, and such information shall not be disclosed to anyone, except as expressly provided herein or by specific order by the Court. To the extent CCSD asserts that employee-related conduct with respect to a disciplinary-type event related to Plaintiff's claims should be maintained as Confidential, CCSD shall bear the burden of demonstrating that such document or record is, in fact, Confidential.

---

[1] In the case of electronic documents created from bound documents, each page must be marked "Confidential."

4. If a Party fails to mark "Confidential" upon disclosure of information, any Party may subsequently designate that material as Confidential by giving written notice to the Parties and providing properly marked or designated copies within fourteen (14) days of such disclosure. Should any party wish to designate or re-designate as Confidential any material that was produced before the entry of this stipulated agreement, including documents previously produced as confidential, it must do so within twenty-one (21) days of the entry of this Order. In the event information is not marked as Confidential and is used by the receiving party prior to any confidential designation, it shall be incumbent upon the designating party to prove the confidential nature of such material to the Court.

5. Any Party may, at any time, request in writing that any Confidential Information be released from the requirements of this Confidentiality Order. A Party who makes such a request shall be referred to in this Confidentiality Order as the "Requesting Party" and must specify the basis for objection to any confidentiality designation. Upon written request, the Party claiming that information is "Confidential" shall meet and confer with the Requesting Party within fourteen (14) days of receipt of a written request therefor. If an agreement cannot be reached by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation (discussed below) of such information or document. The Requesting Party shall submit the contested Confidential Information to the Court under seal and/or for in camera inspection in compliance with local and federal rules and laws, and the terms of this Confidentiality Order shall continue to apply to such Confidential Information until the Court rules on the application.

6. Apart from disclosure to the Court and Court personnel, Confidential Information may be disclosed only to the following persons:

    a. any Party to this action;

    b. counsel of record for any Party to this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

  c. paralegal, stenographic, clerical, and secretarial personnel currently employed by counsel of record for any Party to the case, (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by counsel);

  d. stenographic, video, or audio court reporters engaged to record depositions in this litigation, and certified interpreters and/or translators for those depositions, if any;

  e. expert(s) and consultant(s) and their secretarial, technical, and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel) who assist in the preparation of this action, but only after such persons have completed the certification contained in **Attachment A**;

  f. any person identified on the face of any such Confidential Information as an author or recipient thereof;

  g. any person who is determined to have been an author and/or previous recipient of the Confidential Information, but who is not identified on the face thereof, provided there is good faith belief by counsel of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

  h. during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who completed the certification contained in **Attachment A**;

  i. the Court and any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

  j. any other person by written agreement among all Parties' counsel, or by order of the Court.

7. Each individual identified in Paragraphs 6(a) – (j) above to whom Confidential Information is furnished, shown or disclosed shall, prior to the time he or she receives access to such materials, be provided, by counsel furnishing him or her such material, a copy of this Confidentiality Order. Counsel disclosing Confidential Information shall advise said persons of the provisions of this Confidentiality Order and secure adequate assurance of confidentiality and agreement from that person or entity: (1) to be bound by the terms hereof, (2) to maintain the received Confidential Materials in confidence, and (3) not to disclose the received Confidential Materials to anyone other than in accordance with the terms of this Confidentiality Order.

8. Each individual identified in Paragraphs 6(a) - (j) above to whom Confidential Information is furnished, shown, or disclosed shall not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained any Confidential Information.

9. This Confidentiality Order is further without prejudice to the right of any Party to:

    a. seek to modify or obtain relief from any aspect of this Confidentiality Order;

    b. object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Confidentiality Order; or

    c. compel disclosure of any material identified as Confidential Information on the basis that the information should not be protected.

10. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Confidentiality Order to receive such material may be present. If any document or information designated as Confidential Information pursuant to this Confidentiality Order is used during the course of a deposition, that portion of the deposition record reflecting such material shall be labeled with the appropriate "Confidential" designation.

11. Any filing made with the Clerk of the Court which contains or has attached to it

Confidential Information, shall be filed under seal pursuant to federal and local rules for sealing and redacting court records and shall remain under seal (except that it may be unsealed for examination by the Court as necessary). For good cause shown, the Court may order that such filing or portions thereof be unsealed. Documents that are redacted to remove Confidential Information need not be filed under seal.

12. This Confidentiality Order shall survive the termination of this action and shall continue in full force and effect thereafter. This paragraph does not apply to the copies of Confidential Materials that have been submitted to and are in the possession of the Court. Nothing in this paragraph is intended to prevent counsel for any Party from retaining case records in his or her own file in accordance with his or her own file retention policies, insurance requirements, and/or Nevada's Rules of Professional Conduct.

13. If at any time prior to the termination of this action, any Confidential Information protected by this Confidentiality Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested via formal discovery request or otherwise by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall, within five (5) business days of receipt, give the other Parties notice of said request. The Party receiving the discovery request or subpoena shall in the interim take all necessary steps to protect potentially Confidential Information and all information so designated in this case as if it were its own confidential information. The Parties receiving notice of a pending discovery request, subpoena, or other inquiry, shall have five (5) business days to, in writing, advise the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The Party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and paying its own attorney's fees.

14. This Confidentiality Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, including but not limited to the rules of discovery and the rules of evidence, at any time including

at the time of trial.

15. The terms of this Confidentiality Order shall be effective and enforceable as among the Parties immediately upon its execution by counsel for such Parties.

16. Nothing herein shall impose any restrictions on the use or disclosure by a Party of its own Confidential Information as it deems appropriate.

17. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own Confidential Information as it deems appropriate.

18. All persons subject to the terms of this Confidentiality Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Confidentiality Order.

19. This Confidentiality Order may be amended or modified only by written agreement of the Parties and approved by this Court, or by order of this Court. If any provision of this Confidentiality Order shall be held invalid for any reason whatsoever, the Parties shall attempt to negotiate alternative provisions to the extent necessary to keep intact the original intent of this Confidentiality Order. Should such agreement not be reached, any Party may move the Court for modification of this Confidentiality Order.

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE/JUDGE

DATED: May 5, 2025

## ATTACHMENT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHUSHAN SADJADI, an individual,

                Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; MARBELLA ALFONZO, an individual; MATTHEW SPURK, an individual; PATRICIA CHANDLER, an individual; RAY NEGRETE, an individual; REBECCA LUCERO, an individual; CHRIS GREATHOUSE, an individual, and DOES 1-X, inclusive;

                Defendants.

CASE NO.: 2:24-cv-00079-JAD-EJY

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND PROTECTIVE ORDER**

    The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY AND PROTECTIVE ORDER (the "Protective Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein for matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use documents designated as Confidential Information in accordance with the terms contained in the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived therefrom to any other person, firm or concern.

    The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____

_____           _____
Signature                                                     Date

4911-1458-3610.1