JAMES W. PUZEY, ESQ.
Nevada Bar No. 5745
E-mail: jpuzey@nvlawfirm.com
AUDREY DAMONTE, ESQ.
Nevada Bar No. 4244
E-mail: adamonte@nvlawfirm.com
KEARNEY PUZEY DAMONTE LTD.
800 S. Meadows Parkway
Reno, Nevada 89521
Telephone: 775/851-8700

RONALD J. THOMPSON, ESQ.
Nevada Bar No. 5524
E-mail: rthompson@nvlawfirm.com
ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 7862
E-mail: apernsteiner@nevadafirm.com
KEARNEY PUZEY DAMONTE LTD.
300 South Fourth Street, Suite 805
Las Vegas, Nevada 89101
Telephone: 702/760-0177

*Attorneys for Defendants Clark County School District, Matthew Spurk, Patricia Chandler, Ray Negrete, Rebecca Lucero and Chris Greathouse*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHUSHAN SADJADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; MARBELLA ALFONZO, an individual; MATTHEW SPURK, an individual; PATRICIA CHANDLER, an individual; RAY NEGRETE, an individual; REBECCA LUCERO, an individual; CHRIS GREATHOUSE, an individual, and DOES 1-X, inclusive;<br>Defendants. | CASE NO.: 2:24-cv-00079<br><br>**STIPULATION AND (PROPOSED) ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF SHUSHAN SADJADI** |

Plaintiff Shushan Sadjadi, Defendant Marbella Alfonzo, and Defendants Clark County School District, Matthew Spurk, Patricia Chandler, Ray Negrete, Rebecca Lucero, and Chris Greathouse ("CCSD Defendants"), through their respective counsel, hereby stipulate and agree as

1

follows:

1. Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Court may order a party whose mental or physical condition is in controversy to submit to a physical or medical examination by a suitably licensed or certified examiner. *See* Fed. R. Civ. Proc. 35.

2. In this case, a controversy exists regarding the physical condition of Plaintiff, Shushan Sadjadi ("Plaintiff"), as Plaintiff alleges in her Second Amended Complaint [ECF No. 43] at ¶ 234, as follows:

> 234. SADJADI also had significant dental issues resulting from the stress of this incident. SADJADI's dental care was excellent prior to the retaliation, and regularly visited her dentist every 6 months. But in the summer of 2022, several of her teeth had become loose because of stress-induced grinding. SADJADI met with specialists, and her dentist and the specialists concluded that the stress-related grinding had caused four of SADJADI's teeth to become so loose that they would need to be replaced, costing upwards of $25,000.

3. Good cause exists for an examination as a controversy exists regarding Plaintiff's dental condition and alleged dental-related injuries, which have been placed at issue as alleged above in Plaintiff's Second Amended Complaint, which seeks to recover alleged damages based upon Plaintiff's alleged dental-related injuries. *See* Second Amended Complaint [ECF No. 43] at ¶ 234.

4. A physical examination of Plaintiff will be conducted by Dr. Phillip R. Devore, D.D.S., a licensed and practicing dentist. *See* CV of Dr. Phillip R. Devore attached as **Exhibit 1**. The examination will take place on **December 11, 2025**, beginning at **3:00 p.m.** (Pacific) at Dr. Devore's office, Image Dental and Orthodontics (the "Examiner's Office"), which is located at 7545 West Sahara Avenue, Suite 200, Las Vegas, NV

89117.

5. The examination will be conducted for the purpose of determining the nature and extent of Plaintiff's alleged dental-related injuries, including the stress-related teeth grinding that Plaintiff alleges has resulted in her teeth becoming loose, as alleged in paragraph 234 of the Second Amended Complaint [ECF No. 234]. The examination will consist of the usual and customary activities required to make such a determination by a dentist, which will include customary dental x-rays, and will be limited to no more than two (2) hours at Dr. Devore's office.

6. The Examiner's opinions are limited to his area of specialty and/or areas of his qualifications, which are further reflected in **Exhibit 1**.

7. The Examiner shall not initiate discussions of unrelated liability aspects of this case that are not related to the nature and extent of Plaintiff's alleged dental-related injuries, as alleged in paragraph 234 of the Second Amended Complaint [ECF No. 234].

8. The physical examination shall be held at the Examiner's Office in compliance with HIPAA. This is to provide that any and all medical information disclosed to the Examiner is to be held as confidential and protected health related information under HIPAA, provided however, that any such health related information may be used and disclosed within this case in accordance with the Federal Rules of Civil Procedure, applicable local rules, and the Confidentiality Order previously entered in this case on May 5, 2025 [ECF No. 64], which has been provided to the Examiner.

9. Plaintiff shall not be required to sign any paperwork at the time of the physical examination other than a "sign in" sheet or authorization to perform the physical examination.

10. So long as Plaintiff checks in at the Examiner's Office by 3:00 p.m., the physical examination will commence between 3:00 p.m. and 3:20 p.m. If Plaintiff checks in at the Examiner's Office by 3:00 p.m. and waits past 3:20 p.m. before the physical examination is commenced, Plaintiff must contact her Counsel, who will attempt to

resolve delays with Defendant's Counsel before Plaintiff may leave the Examiner's Office.

11. Plaintiff has the right to have a single observer ("Observer") present at the physical examination, provided however that the Observer may not be an employee, staff person, contractor, or representative of Plaintiff's counsel and may not interfere in any way with the physical examination of Plaintiff. If present, the Observer shall be limited to quietly observing the physical examination and in that capacity only the Observer is permitted to take notes, make an audio, stenographic and/or video recording of the physical examination. Plaintiff is also permitted to take notes and/or make an audio, stenographic and/or video recording of the physical examination, so long as it does not in any way interfere with the physical examination of Plaintiff. Any notes and/or recordings shall be preserved in accordance and made available to all parties in this case in accordance with the Federal Rules of Civil Procedure, applicable local rules, and the Confidentiality Order previously entered in this case on May 5, 2025 [ECF No. 64]. In the event of any recording by the Observer and/or Plaintiff, Plaintiff and/or the Observer will notify the Examiner and all persons present that the physical examination is being recorded before the physical examination begins.

12. No counsel for any of the parties or representatives of any insurance carriers may attend the physical examination.

13. No invasive procedures shall be allowed during the physical examination.

14. Plaintiff shall not be required to disrobe during the physical examination but will wear appropriate clothing so a usual and customary physical examination of Plaintiff's alleged dental-related injuries can occur.

15. The Examiner shall not engage in ex parte contact regarding the facts or circumstances of this case with Plaintiff's treating healthcare providers.

16. The Examiner shall retain and preserve a complete copy of his file pertaining to the physical examination in accordance with applicable law and records retention policies,

and shall not destroy any documents relating to the physical examination prior to the termination of this case.

17. The foregoing agreement does not waive any objections and/or rights that the Examiner and/or Defendants may have under the Federal Rules of Civil Procedure, including FRCP 26(b)(4)(B)-(C), or any other rule or statute governing expert opinions and Rule 35 examinations.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18. CCSD Defendants' counsel shall be responsible for providing the Examiner with a copy of this stipulation and order prior to the physical examination, and by proceeding with the physical examination the Examiner agrees and consents to abide by the rules, conditions and scope of physical examination as outlined herein.

Dated: December 5, 2025                                 Dated: December 5, 2025

Respectfully submitted,                                 Respectfully submitted,

/s/Brian K. Berman                                      /s/ Andrew S. Clark
BRIAN K. BERMAN, ESQ.                                   ETHAN D. THOMAS, ESQ.
                                                        ANDREW S. CLARK, ESQ.
Attorneys for Plaintiff                                 LITTLER MENDELSON, P.C.
SHUSHAN SADJADI
                                                        Attorneys for Defendant
                                                        MARBELLA ALFONZO

                                                        Respectfully submitted,

                                                        /s/ Adam J. Pernsteiner
                                                        JAMES W. PUZEY, ESQ.
                                                        AUDREY DAMONTE, ESQ.
                                                        RONALD J. THOMPSON, ESQ.
                                                        ADAM J. PERNSTEINER, ESQ.
                                                        KEARNEY PUZEY DAMONTE LTD.

                                                        Attorneys for Defendants
                                                        CLARK COUNTY SCHOOL DISTRICT,
                                                        MATTHEW SPURK, PATRICIA
                                                        CHANDLER, RAY NEGRETE, AND
                                                        CHRIS GREATHOUSE

**IT IS SO ORDERED.**

Dated:   December 8, 2025

UNITED STATES MAGISTRATE JUDGE

6